MUNICIPALITY OF ARECIBO, Plaintiff and Appellee, *v.* ARTURO GONZÁLEZ JR., Defendant and Appellant.

No. 7946. Argued November 27, 1939.—Decided November 30, 1939.

*Dubón & Ochoteco* for appellant. *L. Mercader* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This suit was commenced on February 1, 1937, by a complaint filed in the District Court of San Juan by the

Municipality of Arecibo against Arturo González, Jr., for the collection of $1,803.75, legal interest on the same from June 9, 1932, on, and of $631.25 and its legal interest from August 29, 1933, on, plus costs and attorney's fees.

The defendant answered, the case was heard and the court entered judgment for plaintiff on October 11, 1937.

An appeal was taken by defendant and the record was filed with the Clerk of this Court on March 13, 1939. He requested four extensions to file his brief, finally filing it on July 19, 1939.

On July 31, 1939, the appellee moved for the dismissal of the appeal and its motion was set for the 27th of November, 1939.

The reasons set forth for the dismissal are the following:

"(a) It (the appeal) is frivolous, as the complaint was filed for the collection of sums which the defendant unlawfully received from plaintiff, an issue which practically has not been denied by the defendant. The answer and the acceptance of the judgment suggest it to be so.

"(b) The want of a transcript of evidence places this Court in a position different from that of the district court, in order to consider the errors assigned by appellant which refer to whether or not he should pay interest from this or that date on. Apparently, it is intended by appellant to raise an issue of law, not bearing in mind that it would have to *previously* rely on the fact, ascertained in the trial, as to when and how did the lower court reach a conclusion to determine that the interest should be so collected. For instance, how could this Court justify at present whether plaintiff demanded payment from the defendant of the money which under false pretenses he received from it? This is a fact which in the absence of a transcript of the evidence cannot be determined. This aside from the fact that appellant admits that he received the checks from the municipality although he never delivered or collected the plant, this is, defendant enriched himself with moneys belonging to plaintiff, which is a public institution and consequently, must return the amount and interest on the same from the very day when this lamentable happening took place."

Nothing was answered by appellant in writing or orally. He did not appear at the hearing of the motion. Examining his brief, we find that he assigns therein two errors to the trial court. He sustains that the first one was committed in condemning him to pay interest on $1,893.75 from April 23, 1932, on, and on $631.25 from August 29, 1933, on, when he only owed them from the date of the filing of the complaint, as the date not being stated in the latter when the demand for payment was made, the only one that could be fixed was the one of the filing of the complaint. He alleged as grounds for the commission of the second error that even if he should be bound to pay interest from the date when he received the sums claimed, he would never be bound to pay them on the first amount, that is, the $1,893.75, from April 23, 1932, on, as it appears from the complaint itself that it was not until June 9, 1932, that said sum was delivered to him.

The lack of a transcript of evidence, main ground for the motion for dismissal, is explained by appellant in his brief as follows:

"The transcript of the evidence for this appeal has not been filed because we consider it unnecessary, as the first error assigned appears from the complaint itself and from the Statement of Facts and Opinion rendered in the present case."

Is the explanation a satisfactory one? Let us see.

It seems convenient to previously clarify that, as it appears from the transcript prepared by the appellant himself, and filed with the Clerk of this Court, the defendant was not sentenced to pay interest on the first sum claimed, from April 23, 1932, on, but from June 23, 1932. In such consequence, there is no basis for the second assignment of error and in the first one, the expression of said date is mistaken.

There only remains to decide whether or not the interest should be computed from the date of the filing of the complaint. It is true that it was stated in the complaint:

"That the plaintiff required the defendant to pay and return to him the sum of $1,893.75 and its legal interest to the date of total payment and also the other $631.25 plus legal interest until total payment of the same, with which request said defendant failed to comply."

It being true in consequence that it does not fix the date for the demand, but as said date could have been proven in the trial, it becomes necessary to have the transcript of the evidence available, so that this Court, upon deciding the appeal, may have before it all the elements which were considered by the trial court to conclude, as it did, that the interest was owing from the dates which it fixed in its judgment.

It is not possible then, to do without the transcript of the evidence to decide, in one sense or the other, the sole issue raised on appeal, that is, to determine the date from which the interest is owing, as in regard to the actuality of the principal debt, the defendant, who denied it during the trial, has implicitly acknowledged it after the rendition of the judgment, by assigning the errors in which he bases the appeal taken against it. This being so, the motion must be granted and in consequence thereof, the appeal taken dismissed.

Mr. Justice Travieso took no part in the decision of this case.